UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Respondents. | No. 2:20-cv-02491 GGH P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS[1] |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c). Pending before the court is respondent's motion to dismiss. ECF No. 15. Petitioner has filed an opposition. ECF No. 20. Respondent has filed a reply. ECF No. 21. After carefully reviewing the filings and applicable legal standards, the court issues the following findings and recommendations.

////

////

---

[1] The undersigned issued an order regarding consent of the parties or a request to reassign the case to a district judge. ECF No. 6. The parties did not respond. Accordingly, the undersigned proceeds as if the parties did not consent.

*The Petition*

Petitioner, a serial criminal offender, currently housed at Folsom State Prison (Represa), stands most recently convicted of robbery and was indeterminately sentenced to 350 years to life in prison. Petitioner believes that state officials have improperly denied him parole eligibility based on an "elderly parole program." The issue here surrounds the refusal of the California courts to apply the newly created "elderly parole" program to "Three Strikes" indeterminately sentenced prisoners. See ECF No. 1. Petitioner asserts administrative errors in scheduling his next available parole suitability date, but the bottom line is that he is not eligible, at least at this time, for elderly parole. ECF No. 1 at 11-12 (citing Cal. Penal Code § 3055 (g)); ECF No. 15-4. Although petitioner states his complaints in various ways, it all boils down to the fact that he is contesting the application of state law. As such, he states no cognizable claim of federal habeas corpus.

*The Elderly Parole Program*

The elderly parole program set forth in Cal. Penal Code § 3055 derived from civil rights litigations in federal court alleging prison overcrowding. One of the initial suggestions to reduce overcrowding, and then later mandated, concerned early parole for elderly prisoners. See Coleman v. Schwarzenegger, 922 F.Supp.2d 882, 986 (E.D. Cal. 2009); Plata v. Newsom, No. 4:01-cv-1351 (N.D. Cal. Apr. 17, 2020); Coleman v. Brown, 2:90-cv-00520-KJM-DB, ECF No. 5060 (E.D. Cal.). However, the precise contours of this mandated program were left to the state legislature. At least the parties do not direct the court to any provision of the Plata/Coleman orders which prelude the California legislature from precisely defining the elderly parole program. California, ultimately, legislatively established the elderly parole program as set forth in Cal. Penal Code § 3055 and amendments thereto. The most recent iteration of the elderly parole program is as follows:

> (a) The Elderly Parole Program is hereby established, to be administered by the Board of Parole Hearings, for purposes of reviewing the parole suitability of any inmate who is 50 years of age or older and has served a minimum of 20 years of continuous incarceration on the inmate's current sentence, serving either a determinate or indeterminate sentence.

2

Cal. Penal Code § 3055 (The previous statute in effect from January 2018 to December 31, 2020 Dec. 31, 2020 established parole suitability for those 60 years of age or older and for those who have served a minimum of 25 years in prison. As opposed to the present day statute establishing parole suitability for those 50 years of age or older and for those who have served a minimum of 20 years in prison.)[2]

Both statutes contained the following exception:

> (g) This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or in which an individual was sentenced to life in prison without the possibility of parole or death.

Cal. Penal Code § 3055 (Effective January 1, 2018 to December 31, 2020).

> (g) This section does not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or in cases which an individual was sentenced to life in prison without the possibility of parole or death.

Cal. Penal Code § 3055 (Effective January 1, 2021).

*Motion to Dismiss*

Respondent has moved to dismiss on the following grounds: (1) the petition is not cognizable in federal habeas corpus because a result favorable to petitioner here would not, ipso facto, serve to reduce his sentence; (2) petitioner fails to state a federal claim cognizable in habeas corpus; (3) the petition is barred by the AEDPA statute of limitations. ECF No. 15. The undersigned will address respondent's ground that the petition does not state a cognizable claim in federal habeas corpus.

////

////

////

---

[2] It appears that some type of administratively created elderly parole program was instituted prior to the enactment of the California statutes. It also appears that at one time the elderly parole regulations of the Board of Parole were being used to calculate an elderly parole date for petitioner. Indeed, the Superior Court decided its habeas petition as if petitioner was eligible for elderly parole, but that the administrative decision had initially miscalculated it. Whatever the parameters of that administrative decision(s), the subsequently enacted statutes control here.

*Discussion*

Petitioner's state petition was denied on the merits by the California Court of Appeal, Fourth Appellate District ("Court of Appeal") and is provided in its entirety below:

> Benny Williams was sentenced to prison in 2003 for 350 years to life as a third strike offender for multiple convictions of robbery with firearm enhancements. A document attached to the petition states his minimum eligible parole date is May 29, 2334. (Pen. Code, § 3046, subd. (b).) Other documents attached to the petition state Williams's eligibility date for the elderly parole program, which is available to some inmates who are 60 years of age or older and have served at least 25 years of continuous incarceration on their current sentences, is January 29, 2022. (Id.,§ 3055, subd. (a).)
>
> Williams filed in the superior court a petition for writ of habeas corpus complaining the Department of Corrections and Rehabilitation (the Department) and the Board of Parole Hearings (the Board) violated statutes and regulations by not using good conduct credits he had earned to advance his elderly parole eligibility date and by not scheduling the elderly parole hearing in the same way other parole hearings are scheduled. (See Pen. Code, § 3041, subd. (a); Cal. Code Regs., tit. 15, § 3043 et seq.) The superior court summarily denied the petition as repetitive of and successive to a previous petition Williams had filed.
>
> By the present petition, Williams renews his contentions the Department and the Board have erroneously calculated his elderly parole eligibility date and improperly scheduled his elderly parole hearing. He asks this court to order the superior court to grant his habeas corpus petition and to direct the Board to conduct his elderly parole hearing one year before his elderly parole eligibility date and in the same manner as it conducts other parole hearings.
>
> We do not review the superior court's action in denying Williams's petition for writ of habeas corpus. Its order is not appealable. (*In re Hochberg* (1970) 2 CaL3d 870, 876.) We instead consider de novo the challenge to the actions of the Department and the Board asserted in the new petition Williams filed in this court (*In re Clark* ( 1993) 5 Cal.4th 7 50, 767, fn. 7.) He is not entitled to relief. The elderly parole program "shall not apply to cases in which sentencing occurs pursuant to [the Three Strikes law]." (Pen. Code,§ 3055, subd.(g).) Williams was sentenced as a third-strike offender and therefore is not eligible for elderly parole.
>
> The petition is denied.

ECF No. 1 at 11-12; ECF No. 15-4.

////

////

The California Supreme Court denied the state petition with a silent denial on September 30, 2020. ECF No. 1 at 10. Therefore, the Court of Appeal's reasoning is considered the reasoning of the state supreme court. Wilson v. Sellers, 138 S.Ct. 1188 (2018).

Petitioner contends that he was denied a timely hearing under state law to determine his eligibility for the elderly parole program in that prison credits were not correctly applied, or that some other type of administrative error occurred. Petitioner also attacks the Court of Appeal decision as wrong.

It does not appear that the Court of Appeal issued an erroneous decision under state law.[3] But even if it did, that is not the point here in federal habeas. Petitioner is simply attacking a "wrong" legal decision by the state court applying state law. Petitioner may not transform a state-law issue into a federal one merely by inferring that the state law error constituted a violation of his federal right to due process of law or equal protection. Langford v. Day, 110 F. 3d 1380, 1389 (9th Cir. 1996).

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has identified the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). The Court held that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67–68. The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67

---

[3] Petitioner may be confused by Cal. Penal Code § 3046 which does apply to "life prisoners,", i.e. those indeterminately sentenced life prisoners who have the possibility of parole. But petitioner is not just simply a prisoner serving a life sentence. Petitioner is serving life in prison pursuant to the Three Strikes Act, persons who are expressly excepted from the elderly parole program.

1  (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984)).  As
2  more recently re-emphasized by the U.S. Supreme Court, "'a mere error of state law...is not a
3  denial of due process.' " Rivera v. Illinois, 556 U.S. 148, 158 (2009) (quoting Engle v. Isaac, 456
4  107, 121, n. 21 (1982)).

5  The Estelle Court further noted that the standard of review for a federal habeas court "is
6  limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United
7  States (citations omitted)," id. at 68, and further stated that in order for error in the state trial
8  proceedings to reach the level of a due process violation, the error had to be one involving
9  "fundamental fairness," which it has applied only to very narrow category of infractions. Id. at
10 73. To state a cognizable federal habeas claim based on an alleged error in state sentencing, a
11 petitioner must show that the error was "so arbitrary or capricious as to constitute an independent
12 due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

13 Applying these principles in federal habeas proceedings, the Ninth Circuit Court of
14 Appeals has specifically refused to consider alleged errors in the application of state sentencing
15 law. See, e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989). In Miller, the court refused to
16 examine the state court's determination that a defendant's prior conviction was for a "serious
17 felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118–
18 19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief
19 is not available for alleged errors in interpreting and applying state law.  See Ogle v. Pollard, No.
20 3:20-cv-1115-LAB (KSC), 2021 WL 698199, at *2 (S.D. Cal. Feb. 22, 2021) (finding that
21 petitioner's assertion that the state elderly parole program regulations were being improperly
22 interpreted did not state a federal claim.)

23 Petitioner may believe that the previously referenced civil rights actions mandated an
24 elderly parole program for *all* elderly prisoners, no matter what the crimes or criminal history.
25 The undersigned can find no such universal mandate.  But even if it were a fair argument that the
26 California legislation violates the decrees of the civil rights action, petitioner's course of action is
27 ////
28 ////

to seek review in those actions—not seek to have this habeas court find the universal requirement contrary to state law.[4]

Accordingly, petitioner's claim concerning the non-application of the elderly parole program in his case does not state a claim cognizable in federal habeas corpus. The clarity of this result makes it unnecessary to adjudicate respondent's alternative grounds for dismissal. Accordingly, the undersigned will recommend respondent's motion to dismiss be granted.

*Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

*Conclusion*

IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 15) be granted;

2. Petitioner's habeas petition (ECF No. 1) be dismissed for failure to state a cognizable federal claim; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[4] If petitioner's contentions were correct, even prisoners whose crimes and sentences were akin to life without the possibility of parole would be eligible for elderly parole.

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE