UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>   Petitioner,<br><br>   v.<br><br>JEFF LYNCH, et al.,<br><br>   Respondents. | No.  2:20-cv-02491 KJM GGH P<br><br><br>ORDER |

   Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On June 15, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 22.  Petitioner has filed objections to the findings and recommendations.  ECF No. 25.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

   "A state prisoner is entitled to habeas relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution, laws or treaties of the United States. . . [w]hen a state prisoner has failed to allege a deprivation of a federal right, § 2254 does not apply." *Gutierrez v.*

*Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983); *see* Findings and Recommendations at 5–6. In objecting to the findings and recommendations, petitioner argues the magistrate judge violated the petitioner's constitutional rights by "rel[ying] on the California Court of Appeal's Judge reasoned decision." Obj. at 7. Also, petitioner appears to argue the parole board should not be applying section 3055 of the California Penal Code. Obj. at 11. "Rather, [he claims,] the Board is bound by the three-judge panel's order . . . [in] Coleman/Plata." *Id.* The Three Judge Panel decision petitioner seems to be referring to ordered the state to "[f]inalize and implement a new parole process whereby inmates who are 60 years of age or older and have served a minimum of twenty-five years of their sentence will be referred to the Board of Parole Hearings to determine suitability for parole." Three Judge Court Order (Feb. 10, 2014) at 3, *Coleman, et al. v. Brown, et al.*, 2:90-cv-0520 KJM-DB, ECF No. 5060.

Neither issue raised by the petitioner persuades the court he has stated a cognizable claim under §2254. First, the magistrate judge did not violate petitioner's civil rights by relying on the state court's opinion. Second, while federal litigation may have spurred the creation of the elderly parole program, it nevertheless remains a state law program, "the precise contours of [which] . . . were left to the state legislature." Findings and Recommendations at 2. Accordingly, the petitioner "has failed to allege a deprivation of a federal right." *Gutierrez*, 695 F.2d at 1197.

Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 15, 2021, are adopted in full;

2. Respondent's motion to dismiss (ECF No. 15) is granted;

3. Petitioner's habeas petition (ECF No. 1) is dismissed for failure to state a cognizable federal claim;

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

5. The clerk is directed to close the case.

DATED: September 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE